THE SAUGERTIES BANK, Respondent, *v.* JAMES C. MACK and JANE C. MACK, Appellants.

*A fraudulent transferee is not entitled to an allowance for expenses incurred in preparing the property for market — he will not be aided to lessen the damages.*

Where an interlocutory judgment entered in a creditor's action, brought to set aside a transfer alleged to have been made in fraud of creditors, declares the transfer to be void and requires the transferee to account for all the property received by her, the expense incurred by the transferee in preparing the property transferred for sale is a matter with which the referee appointed to take the account has no concern, as under the judgment the transferee is only bound to account for the value of the property transferred to her in the state in which it was at the time she received it.

Where parties become fraudulently possessed of property for which they are called upon to account, the court will not be astute in aiding them to make the damages for which they are to respond as slight as possible.

APPEAL by the defendants, James C. Mack and another, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of April, 1898, confirming the report of a referee appointed by the interlocutory judgment entered herein.

*L. Laflin Kellogg*, for the appellants.

*Edward A. Hibbard*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to have set aside as fraudulent and void, and as given with intent to hinder, delay and defraud the creditors of

the defendant James C. Mack, a bill of sale of certain blue stone and assignments of book accounts and of a lease belonging to said Mack. After the trial of the case an interlocutory judgment was entered adjudging fraudulent and void these several transfers and requiring the defendant Jane C. Mack to account for all property received by her by virtue of said bill of sale and assignments, and for all sums of money collected or received by her by virtue thereof, and any proper charges for collection of the same, and appointing a referee to take and state the accounts. The referee proceeded and reported to the court the value of the property taken to be a certain sum, and the amount collected upon the outstanding accounts to be a certain other sum. This report being confirmed by the court, from the judgment thereupon entered this appeal is taken.

It is claimed upon this appeal that the referee improperly disregarded certain evidence presented before him, and also refused to allow certain disbursements which it was alleged the defendant Jane C. Mack had made in the preparation for the market of the property which she had received in its raw state at the time of the bill of sale to her. It was claimed that the defendant Jane C. Mack should have been allowed for the expenses incurred in preparing this stone (which was the subject-matter of the bill of sale) for the market. The referee held that she was bound to account for the stone in the state in which she received it, and that with the question of what she had expended in preparing it for the market he had nothing to do. In this view of the case it seems to us that the referee was entirely right. The defendant Jane C. Mack was required by the judgment to account for the property which she received. Its value at the time it was received by her and in the condition in which she received it, was that for which by the judgment she was called upon to account. What she subsequently did with the property was a matter of no concern. If she expended money upon it and sold it, thereby realizing a profit, the plaintiff could not, under this judgment, recover that profit. All that it could recover is the value of the raw material. Or, if she expended labor upon it and did not sell it for enough to pay for the labor, that was her speculation, with the loss upon which the plaintiff could not be charged. The referee took evidence tending to show what the value of the property was, and upon that evidence he made his report.

It is claimed that the referee erred in disregarding the testimony of James C. Mack in respect to the value of the property. It would seem, from the nature of the testimony given by him, that he was entirely unreliable, and that the referee, from his numerous contradictions in regard to the material facts in the case, was justified in entirely rejecting his testimony as being unworthy of belief. It may be that the evidence upon the part of the plaintiff was not as precise and exact as to some portion of the property as it might have been had not the property been used by the defendants after the fraudulent transfer. But where parties become fraudulently possessed of property for which they are called upon to account, the court will not be astute in aiding them to make the damages for which they are to respond as slight as possible.

There are criticisms passed upon the admissibility of some of the evidence taken before the referee, but an inspection of the record shows that no exceptions were taken to this evidence. In respect to the witness Kenny when a question was asked of him which was objectionable in form, but which might have been made entirely unobjectionable had it been proper in form, there was a general exception pointing out no infirmity or weakness in the question, and hence was unavailable, evidence of the character objected to being admissible.

Under the interlocutory judgment the defendant Jane C. Mack was undoubtedly entitled to be credited with the expenses of collecting the accounts assigned to her. But no evidence was offered showing what were the proper disbursements in respect to such collections. The only evidence offered was in regard to what it cost to run the business as it was run by the defendant James C. Mack in the name of Jane C. Mack after these transfers. These, of course, were not proper charges against the collections, and if no evidence was given which would enable the referee to separate the proper cost of collections from the expenditures in running the business there was no basis for the allowance of such costs of collection.

We think, therefore, that the judgment appealed from should be affirmed, with costs.

Patterson, O'Brien, Ingraham and McLaughlin, JJ., concurred.

Judgment affirmed, with costs.